NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE MARTIN M. KALICK,**
*Petitioner.*

---

Miscellaneous Docket No. 966

---

On Petition for Writ of Mandamus to the United States Court of Appeals for Veterans Claims in case no. 10-2958, Judge William A. Moorman, and related case no. 09-4365.

ON PETITION

---

Before PROST, MAYER, and MOORE, *Circuit Judges.*

PER CURIAM.

## ORDER

Martin M. Kalick petitions for a writ of mandamus to compel the United States Court of Appeals for Veterans Claims to vacate orders in two cases before that court.

Kalick filed a notice of appeal with the Court of Appeals for Veterans Claims, challenging an order of the Board of Veterans' Appeals that denied service connection for an initial disability rating in excess of 10 percent for right shoulder strain and denied an initial compensable disability rating for right sternoclavicular sprain. The

Board's order also remanded Kalick's claims for entitlement to a compensable disability rating for tinea versicolor and aniolipoma, for service connection for a right wrist condition, for service connection for low back strain, and for service connection for a right elbow considition. The Board ordered, inter alia, that he should appear for a medical examination to determine whether a nexus existed between his right wrist condition and low back strain and his period of active service. The Board's order further referred to the regional office his claims of entitlement to dental treatment and a disability rating in excess of 30 percent for post-traumatic stress disorder.

At the Court of Appeals for Veterans Claims, Kalick filed a motion to suspend action by the Secretary of Veterans Affairs on his claims for service connection for a right wrist condition and low back strain. The Court of Appeals for Veterans Claims denied that motion on September 23, 2010. The court noted that Kalick's motion was not related to the matter before the court in the appeal, because those claims were remanded and thus not before the court at that time. The court explained that denying the motion would allow the regional office to determine his remanded claims, which might result in the grant of benefits. Kalick then moved for that court to vacate its September 23 order as moot because the Secretary should have acted on his remanded claims. The court denied the motion to vacate.

Kalick also filed a document that the Court of Appeals for Veterans Claims treated as a mandamus petition to compel the Secretary to act on his remanded claims. On October 25, 2010, that court denied the petition without prejudice to refiling a petition that adequately explains the underlying facts and explains whether the regional office has refused to act on those claims. Kalick filed a motion to close the mandamus petition because it created an undue burden on him. The court denied that motion.

In his petition to this court, Kalick appears to continue to seek relief concerning the claims that were remanded by the Board. Kalick has not shown clear error that would warrant this court granting mandamus relief.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

__MAR 0 4 2011__
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc:  Martin M. Kalick
     Michael D. Austin, Esq.

s8

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAR 0 4 2011

JAN HORBALY
CLERK